IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALLEN WOLFSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CONOLOG CORP. and ROBERT BENOU,<br><br>　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:05-cv-00797-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

　　　　This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1]

　　　　As a preliminary matter, the court notes that Allen Wolfson ("Plaintiff"), who is detained at the Metropolitan Detention Center in Brooklyn, New York, appears to be proceeding pro se in this case.  Although an attorney entered a formal notice of appearance on Plaintiff's behalf on January 14, 2007,[2] that attorney has not taken any other action in this case or filed any other documents or pleadings on Plaintiff's behalf.  Indeed, all of Plaintiff's other filings in this case appear to have been drafted and filed by Plaintiff himself, not by an attorney.  Because it appears Plaintiff is proceeding pro se, the court will construe his pleadings and other filings liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 20.

[2] *See* docket no. 13.

**PROCEDURAL HISTORY**

On September 26, 2005, Plaintiff's motion for leave to proceed in forma pauperis[3] in this case was granted,[4] Plaintiff's complaint was filed,[5] and this case was assigned to District Judge Dale A. Kimball.[6] In the order granting Plaintiff's motion for leave to proceed in forma pauperis, the court ordered Plaintiff to pay his initial partial filing fee within thirty days.[7] When Plaintiff failed to do so, Judge Kimball entered an order on December 1, 2005, dismissing Plaintiff's complaint without prejudice.[8]

From September 8, 2006, to January 16, 2007, Plaintiff filed five separate motions to reopen this case.[9] In three of those motions, Plaintiff also requested that Judge Kimball recuse himself.[10] In support of that request, Plaintiff made unsupported allegations questioning Judge Kimball's ability to preside over this case without bias.

---

[3] *See* docket no. 1.

[4] *See* docket no. 2.

[5] *See* docket no. 3.

[6] *See id*.

[7] *See* docket no. 2.

[8] *See* docket no. 6.

[9] *See* docket nos. 9-12, 14.

[10] *See* docket nos. 9, 12, 14.

On February 1, 2007, Judge Kimball entered an order reopening this case based on Plaintiff's payment of his initial partial filing fee,[11] notwithstanding the fact that said payment was made over one month late. In that same order, Judge Kimball addressed Plaintiff's motions for recusal. Judge Kimball made clear his disagreement with Plaintiff's allegations and his belief that he could hear this case without bias. Judge Kimball recognized, however, that Plaintiff obviously believed those allegations to be true, despite their lack of foundation. Accordingly, Judge Kimball granted Plaintiff's motions to recuse, this case was reassigned to District Judge Paul G. Cassell.[12]

On February 5, 2007, Judge Cassell entered an order of recusal, and the case was reassigned to Chief District Judge Tena Campbell.[13] On February 12, 2007, Chief Judge Campbell entered an order of recusal, and the case was reassigned to Senior District Judge Bruce S. Jenkins.[14] On February 13, 2007, Judge Jenkins entered an order of recusal, and the case was reassigned to Judge Benson.[15] On November 16, 2007, Judge Benson entered the order referring the case to this court under 28 U.S.C. § 636(b)(1)(B).[16]

---

[11] *See* docket no. 16.

[12] *See id*.

[13] *See* docket no. 17.

[14] *See* docket no. 18.

[15] *See* docket no. 19.

[16] *See* docket no. 20.

**ANALYSIS**

The sole claim in Plaintiff's complaint is for breach of contract. Plaintiff alleges that he entered into several agreements with Conolog Corporation ("Conolog") and Robert Benou (collectively, "Defendants") concerning Conolog stock. Plaintiff further alleges that Defendants breached those agreements.

Plaintiff asserts that jurisdiction in this court is proper under 28 U.S.C. § 1331, which provides for jurisdiction only if a case involves a federal question. However, Plaintiff's sole claim is for breach of contract, which is governed by state law and does not present a federal question. Therefore, based on the face of Plaintiff's complaint, the court does not have jurisdiction over this case. Plaintiff also alleges, however, that he is a resident of Utah and that Defendants both reside in "Summerville[,] New York."[17] Accordingly, under a liberal reading of Plaintiff's complaint, it appears that he is asserting jurisdiction based upon diversity of citizenship. *See* 28 U.S.C. § 1332.

While Plaintiff has included the necessary allegations for jurisdiction based on diversity of citizenship, it appears that he has brought this case in the wrong venue. Venue in federal district court is governed by 28 U.S.C. § 1391. For civil cases in which jurisdiction is based solely on diversity of citizenship, the two main possibilities for proper venue are (1) "a judicial district where any defendant resides, if all defendants reside in the same State," or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id*. § 1391(a)(1)–(2).

---

[17] Docket no. 3.

While one remaining possibility exists, it is applicable only "if there is no district in which the action may otherwise be brought." *Id*. § 1391(a)(3).

Based upon the allegations in Plaintiff's complaint, the court concludes that venue is improper in the District of Utah. Defendants do not reside in Utah and it appears that the subject matter of the contract at issue involves the stock of Conolog, a company that is not located in Utah. *See id*. § 1391(a)(1)–(2).

Having determined that venue is improper in the District of Utah, the court must now determine whether this case should be dismissed or transferred. *See id*. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). "[T]he question of whether to dismiss or transfer an action filed in an improper venue is within the district court's sound discretion." *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006) (quotations and citations omitted). Based on the circumstances of this case, the court has determined that transfer, rather than dismissal, is appropriate. *See* 28 U.S.C. § 1406(a).

The court now turns to determining the appropriate district to which this case should be transferred. As previously noted, Plaintiff's complaint states that Defendants both reside in "Summerville[,] New York."[18] In its attempt to determine the federal district in which "Summerville[,] New York"[19] is located, the court was unable to locate such a city in New York.

---

[18] Docket no. 3.

[19] *Id*.

Accordingly, the court turned to the portion of Plaintiff's complaint stating that Conolog is "a company listed on small cap of the NASDEX [sic] Stock Exchange" and that Robert Benou is Conolog's "President."[20]  Using that information, the court engaged in a cursory search of publicly available information and learned that Conolog is located in Somerville, New Jersey, and that Robert Benou is or was President of Conolog.  Accordingly, the court has determined that transfer of this case to the District of New Jersey is appropriate.  *See id*. §§ 110, 1406(a).

## CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that this case be transferred to the United States District Court for the District of New Jersey.  *See id*. §§ 110, 1391(a), 1406(a).

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See id*. § 636(b)(1)(C).  The parties must file any objection to this Report and Recommendation within ten (10) days after receiving it.  *See id*.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of June, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[20]  *Id*.